# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**MELVIN REED**                                                                                          **PLAINTIFF**
**ADC # 113827**

**v.**                              **CASE NO.: 5:06CV00177WRW/BD**

**LARRY MAY,** *et al.*                                                                                    **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**   **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite 402
>   Little Rock, AR 72201-3325

**II. Introduction:**

Plaintiff, an inmate at the Arkansas Department of Correction, Varner Unit, filed a pro se complaint (#2) under 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that someone forged his signature on disciplinary paperwork resulting in dismissal of his appeal of a disciplinary court decision. Plaintiff also alleges improper handling of his legal mail denying him access to the courts. Plaintiff claims the anguish and stress caused by these violations have made him sick, and he seeks "nominal, actual, compensatory, and punitive damages."

For the reasons that follow, the Court recommends that Plaintiff's complaint (#2) be DISMISSED WITH PREJUDICE.

**III. Background:**

In December, 2005, Plaintiff was brought to disciplinary court and found guilty of a disciplinary violation. Plaintiff filed an appeal of the disciplinary court's decision with Defendant Harris. One of Plaintiff's grounds for the appeal was that he did not receive his F 2/3 paperwork as required by policy. Mr. Harris affirmed the disciplinary court's decision at least in part on the grounds that Plaintiff had received and signed for his F 2/3 paperwork. Plaintiff then filed a grievance "due to some one forging my signature without my knowledge or my consent," and wrote a letter to the Arkansas Department of Correction, Internal Affairs Division, requesting an investigation "because according to

Circuit Court Clerk Wanda J. Davis my trial transcript costing $177.00 had been forwarded to me but I have not received it yet."

On March 6, 2006, Mr. Harris reversed his decision denying Plaintiff's appeal and affirming the disciplinary court. Plaintiff states his claim in this lawsuit is about "the past damage done and the fear and dismay of future impediments on my legal ventures, mandates, agenda and related matters."

**IV.    Discussion:**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In conducting a review for failure to state a claim, the Court is mindful that a complaint should be dismissed only if it is clear that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972) (*per curiam*).

Accepting all of the allegations in the Complaint as true, Plaintiff's Complaint fails to state a claim upon which relief may be granted because the claims do not allege an injury.

A. Due Process Claim:

Construing the allegations in the complaint in the light most favorable to the Plaintiff, he appears to allege the disciplinary appeal process violated his right to due process. To prevail on a due process claim, Plaintiff must demonstrate that he was deprived of life, liberty or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Based on Plaintiff's allegations, the only cognizable deprivation is a potential liberty interest. The focus of Plaintiff's complaint arising from the disciplinary court proceeding is on Defendants' failure to follow prison policy of providing inmates with F 2/3 paperwork. However, there is no federal Constitutional liberty interest in having state officers follow state law or procedure. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S.Ct. 1741, 1748 (1983)). An inmate's liberty interests are limited to freedom from restraint which imposes an atypical and significant hardship in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995). Plaintiff fails to allege that he suffered any restraint of liberty. Moreover, because Mr. Harris overturned his decision affirming the disciplinary court, Plaintiff did not suffer any injury as a result of either the alleged failure to follow prison

4

policy or the alleged forged signature on the F 2/3 paperwork. Consequently, Plaintiff's due process claim should be dismissed.

B.      Access to the Courts Claim:

The second claim Plaintiff raises is a claim that he has been denied access to his trial transcript which he claims "had been forwarded to me but I have not received it yet." An inmate has constitutional rights with respect to legal mail. *Wolff v. McDonnell*, 418 U.S. 539, 575-77, 94 S.Ct. 2963 (1974). The Eighth Circuit has held that an allegation that a prison official opened legal mail outside of the inmate's presence is sufficient to state a constitutional claim. *Powells v. Minnehaha County Sheriff Dep't*, 198 F.3d 711, 712 (8th Cir. 1994). Further, the taking of an inmate's legal papers can be a constitutional violation when it infringes on his right of access to the courts. *Goff v. Nix*, 113 F.3d 887 (8th Cir. 1997)

However, an inmate seeking relief on an infringement of access to the courts claim must satisfy basic constitutional standing requirements. This requires that Plaintiff demonstrate, among other things, either an actual or imminent injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136 (1992); see also *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 2179 (1996). The injury requirement "is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. The claim must involve an attempt by the inmate to pursue direct appeal from a conviction for which they are incarcerated, a habeas petition, or an action under 42 U.S.C. § 1983 claiming a

violation of a basic constitutional right. *Id.* It does not extend to the right to "discover grievances." *Id*. at 354-55.

In this case, Plaintiff has not satisfied the standing requirement. Under a liberal reading of the complaint, Plaintiff infers that, because he has not yet received his trial transcript, Defendants may have signed for or opened mail containing the transcript. Assuming Plaintiff has a colorable claim that Defendants are responsible for his failure to receive the trial transcript, Plaintiff does not allege any actual or imminent injury resulting from the delay. Plaintiff states that his claim is about "past damage done and the fear and dismay of future impediments on my legal ventures, mandates, agenda, and related matters." However, Plaintiff does not claim any damage resulting from the delay in receipt of his transcript, nor does he claim that he has a direct appeal from his conviction or a habeas petition pending. Based on the facts alleged, Plaintiff's access to the courts claim should be dismissed.

## V.     **Conclusion:**

The Court recommends that the District Court DISMISS Plaintiff's Complaint (#2) with prejudice, and that the dismissal count as a "strike" against plaintiff under 42 U.S.C. § 1915(g).

DATED this 12th day of March, 2007.

U.S. MAGISTRATE JUDGE